**ROYAL ROUTE COAL CO. v. BURCH.**

No. 12997.

United States Court of Appeals
Fifth Circuit.

June 9, 1950.

Rehearing Denied Aug. 8, 1950.

Frank E. Everett, Jr., Vicksburg, Miss., for appellant.

Landman Teller, Vicksburg, Miss., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

WALLER, Circuit Judge.

The effectiveness of a release from liability by an uncompensated signer confronts us here.

Appellee Burch, while driving a vehicle belonging to his employer, O'Neill-McNamara Hardware Company, was involved in a collision with a vehicle owned by, and at the time in the service of, the appellant, Royal Route Coal Company. Appellee received injuries believed at the time to be of

such minor consequence that he declined to seek medical attention.

The Maryland Casualty Company, insurer of appellee's employer as well as the appellant, sent its representative to investigate the accident, with the result that he made a settlement with appellee's employer in the exact amount necessary to repair the Hardware Company's vehicle. Upon solicitation of his employer and the adjuster, appellee also signed the release[1] with his employer. A draft was issued naming as payees the appellee, his employer, and the garageman who had agreed to repair the vehicle for the amount of the settlement and draft. Appellee did not receive, and was not expected to receive, any part of this sum.

A short time after this transaction the injuries sustained by appellee were found to be not entirely minor and he later brought this action against the appellant for damages.

Relying, for its defense, upon the release, appellant successively, but unsuccessfully, moved for dismissal, summary judgment, and directed verdict. The Court below, deeming the issue as to the release to be one of equitable cognizance, submitted the validity of the release to a jury as a separate issue. The jury returned an advisory and separate verdict holding the release invalid for lack of consideration, which finding was adopted by the trial Court. It also rendered a second verdict awarding damages to the plaintiff in the sum of $3,500.00

In addition to the finding of the jury that the release was without consideration, the Court independently reached the same conclusion, stating:

"The Court concludes as a matter of law to adopt the findings of fact of the jury and in addition thereto makes its own findings of fact that the release was without consideration and should be set aside as being void.

\* \* \* \* \* \*

"The Court concludes as a matter of law that in this case the release signed by the plaintiff and plead by the defendant was without consideration and void and an order may be entered accordingly."

We think there was ample evidence in this case to justify the jury and the lower Court in finding as facts that the settlement made by the Casualty Company was only a settlement of the damages to appellee's employer for the exact amount for which the garageman had agreed to repair the motor vehicle; that no part of the funds paid was intended to be paid to, nor ever paid to, the appellee; that appellee was requested to sign the release without any intention whatever of compensating him for any injuries that he had received in the collision. The evidence is clear that he was not called upon to sign this release in settlement for any liability to him.

The judgment of the lower Court is Affirmed.

---

1. The release reads as follows:

"In consideration of the payment of Two hundred sixty eight & 16/100 ($268.-16) Dollars to O'Neill-McNamara Hdw. Co. and S. C. Burch in hand paid by Royal Route Coal Co. & Solomon Jefferson (hereinafter called Payer(s) ). We do hereby release and forever discharge said Payer(s) from any consequences of the accident hereinafter described any and all claims of any and every nature as a result of an accident which occurred on or about January 14th, 1948.

\* \* \* \* \* \*

"It Is Further Understood and Agreed, that this release is intended to cover all actions, causes of action, claims and demands for, upon, or by reason of any damage, loss or injury which may be traced either directly or indirectly to the aforesaid accident, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid accident. And this Release is executed with the full knowledge and understanding on my or our part that there may be more serious consequences, damages or injuries as the result of the accident aforementioned than now appear, and that more serious and permanent injuries, even to the extent of death, may result from the injuries sustained in the accident aforementioned."